| | |
|---|---|
| DERRICK ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ROY COOPER, et al, ) | |
| ) | |
| Defendants. ) | |

This *pro se* case is before the court on the application by plaintiff Derrick Allen ("plaintiff")[2] to proceed *in forma pauperis* [DE-1] pursuant to 28 U.S.C. § 1915(a)(1) ("application") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), respectively. These matters were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively.[3] The court finds that plaintiff has demonstrated appropriate

---

[1] At the direction of the court, this case was redesignated for the continued efficient administration of justice from the Eastern District of North Carolina (*Eastern Division*) with the case number 4:22-CV-452-BO to the Eastern District of North Carolina (*Western Division*) with the case number 5:22-CV-463-BO. *See* [DE-4]; *see also Allen v. Cooper et al*, 4:22-cv-452-BO-BM [DE-4].

[2] As recently noted in this district:

> Plaintiff[, Derrick Allen] has filed numerous *pro se* lawsuits in this district, *see* 5:20-CV-144-BO; 5:21-CV-293-BO; 5:22-CV-179-BO; 5:22-CV-207-FL; 5:22-CV-224-BO; 5:22-CV-301-D; 5:22-CV-322-BO; 5:22-CV-00368-FL; 5:22-CV-423-M-KS; and 5:22-CV-452, and as well as in other districts, and has been referred to as a "prolific *pro se* litigator." *Allen v. Correct Care Sols.*, No. 1:21-CV-146, 2021 WL 954624, at *1 (M.D.N.C. Mar. 4, 2021), *report and recommendation adopted sub nom.* 2021 WL 949633 (M.D.N.C. Mar. 12, 2021), *aff'd*, 853 F. App'x 858 (4th Cir. 2021), and a "serial filer who has taken undue advantage of IFP status," *Allen v. Birkhead*, No. 1:21-CV-551, 2022 WL 16949733, at *1, 5 (M.D.N.C. Nov. 15, 2022) (ruling that "[b]ecause Plaintiff repeatedly has commenced meritless civil actions in this Court as a pauper (undeterred by clear instructions to cease his abusive litigation activities and the consequences of his failure to do so), the Court will deny the instant Applications."). On February 6, 2023, the Chief Judge in the Middle District of North Carolina directed the Clerk of Court to refuse to accept for two years any civil action submitted by Plaintiff without prepayment of the full filing fee. *See Allen v. Birkhead*, No. 1:21-CV-551 (M.D.N.C.). Plaintiff here continues his pattern of filing frivolous actions.

*Allen v. Clarke*, 5:23-CV-114-FL, 2023 WL 4837855 at *2 (E.D.N.C. June 16, 2023), *mem. & recomm. pending*.

[3] The instant cause of action appears to contain numerous similarities to a complaint plaintiff filed in the Middle District alleging wrongful imprisonment and Governor Cooper's failure to respond to his pending pardon application.

evidence of inability to pay the required court costs, and the application to proceed i*n forma pauperis* will be ALLOWED. However, for the reasons set forth below, it is RECOMMENDED that plaintiff's complaint [DE-1-1] be DISMISSED.

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The court has reviewed plaintiff's application and finds that he has adequately demonstrated his inability to prepay the required court costs. His application to proceed *in forma pauperis* [DE-1] is therefore ALLOWED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. PLAINTIFF'S ALLEGATIONS AND CLAIMS

In this action, plaintiff asserts claims against the following defendants: Governor Roy Cooper (Gov. Cooper); Governor Cooper's Business Office; the State Legislative Building; the Capital Police [sic]; Paul Cobie; Cantrailia Preston; Bobby Carmody; and Ann Marie. [DE-1-1] at 1. Plaintiff's handwritten complaint alleges the following in its entirety:[4]

> I have submitted approximately five scheduling request [sic] @ www.governor.nc.gov regarding my pending pardon [P17-0009] office of executive clemency, and have yet to be contacted or meet with Governor Cooper or his staff. Moreover, I have been wrongfully imprisoned twice in re 98crs5208, 98crs7980, and 98crs7979 and 1:17-CR-157-I, and have yet to be compensated.
>
> Moreover, when visiting N.C. State legistrative [sic] building (law library) security for the legislative building they are defiant, oppositional, they give you the

---

That previous action was dismissed for failure to state a claim. *Allen v. Cooper*, No. 1:19CV794, 2019 WL 6255220 (M.D.N.C. Nov. 22, 2019).
[4] For ease of review and legibility, the court has transcribed plaintiff's handwritten complaint from its original apparently random mix of upper and lowercase letters to sentence case.

> stare down and attempt to proke [sic] you which isn't necessary. I am not a convicted felon, but a student at GTCC, majoring in Associate Arts – Spanish and Paralegal Technologies.
>
> Acting under color of state law, is defined as when individuals are bestowed with an [sic] responsibility and neglect to fulfill his or her duties. Representatives of governor Cooper's business of [sic] fail to contact I [sic], and security at the legistrative [sic] state building appears to be seeking conflict as oppose [sic] to allow-ing visitors to visit the law library.

[DE-1-1] at. 2-3.

Plaintiff claims that he is seeking "punitive and emotional distress damage(s) in the amount of $800,000.00" *Id.* at 3.

## II. APPLICABLE LEGAL STANDARDS FOR FRIVOLITY REVIEW

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, a *pro se* plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton*, 504 U.S. at 32. The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328.

Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Ct. Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. Jan. 8, 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden

4

of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

### III. ANALYSIS

Having found that plaintiff is financially eligible to proceed *in forma pauperis*, the court must now undertake a frivolity review of this case, pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff claims federal question jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 242, as well as the Eighth and Fourteenth Amendments to the U.S. Constitution. [DE-1-2] at 1. In addition, plaintiff's reference to individuals "acting under color of state law" ([DE-1-1] at 3) will be liberally construed as an effort to assert a claim under 42 U.S.C. § 1983, as discussed below. 28 U.S.C. § 1331 is the statute codifying federal question jurisdiction.[5] It is not a source of substantive rights itself.

**A.     No private cause of action under 18 U.S.C. § 242**

18 U.S.C. § 242, the criminal statute, upon which plaintiff expressly relies for his claim ([DE-1-2] at 1), does not create a private right of action. *See El Bey v. Celebration Station*, No. 3:02CV461, 2006 WL 2811497, at *3 (W.D.N.C. Sept. 28, 2006) ("[18 U.S.C. § 242] however,

---

[5] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1331.

do[es] not give rise to a civil action for damages, and neither the plaintiff nor this Court has the authority to issue a criminal complaint."), *aff'd*, 242 F. App'x 917 (4th Cir. 2007).

Accordingly, this claim is subject to dismissal for failure to state a claim upon which relief can be granted, and the undersigned RECOMMENDS that such claim be DISMISSED. *See Andrews v. Wolcott Rivers Gates*, No. 3:14CV76-HEH, 2014 WL 3016483, at *2 (E.D. Va. July 3, 2014) (holding that plaintiff failed to state a claim upon which relief could be granted where his claim was asserted pursuant to a criminal statute that did not include a private right of action), *aff'd*, 587 F. App'x 75 (4th Cir. 2014).

**B. Failure to state a claim under the Eighth and Fourteenth Amendments**

In his civil cover sheet plaintiff alleges violations of his Eighth and Fourteenth Amendment constitutional rights. [DE-1-2] at 1. As noted above, in liberally reading plaintiff's filings, the court construes the complaint to assert a claim under § 1983, the statute which provides a cause of action for alleged constitutional violations.

**1. 42 U.S.C. § 1983**

To establish a claim under § 1983, a plaintiff must prove: "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law." *Hill v. Revells*, No. 4:20-CV-233-FL, 2021 WL 312621, at *2 (E.D.N.C. Jan. 6, 2021), *report and recommendation adopted*, No. 4:20-CV-233-FL, 2021 WL 308592 (E.D.N.C. Jan. 29, 2021), *aff'd*, No. 21-2110, 2021 WL 5985559 (4th Cir. Dec. 17, 2021) (quoting *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. Apr. 12, 2012)) (internal citations omitted) (internal quotation marks omitted).

As an initial matter, Governor Cooper's Business Office and the State Legislative Building

6

are not persons under § 1983. *See Dickerson v. China*, No. 13-CV-00498-JPG, 2013 WL 3155396, at *4 (S.D. Ill. June 20, 2013) (noting that the Governor's Office for the State of Washington, states and their agencies are not "persons" subject to suit under 42 U.S.C. § 1983."); *Jones v. Minner*, No. CV 17-1837-RGA, 2018 WL 4725284, at *3 (D. Del. Oct. 2, 2018) (noting that "Delaware Governor's Office, is not a 'person' under § 1983 and cannot be sued."); *Smith v. Charleston Cnty.*, No. CV 9:19-967-HMH-BM, 2019 WL 2870406, at *1 (D.S.C. June 11, 2019), *report and recommendation adopted*, No. CV 9:19-967-HMH-BM, 2019 WL 2869593 (D.S.C. July 3, 2019) ("Courts have routinely held that inanimate objects such as buildings, facilities, and grounds, . . . , do not act under color of state law, and are not a "person" subject to suit under § 1983.") (collecting cases); *Glenn v. Louisiana*, No. CIV.A. 08-4817, 2009 WL 382680, at *2 (E.D. La. Feb. 11, 2009) (noting that a building is not a person subject to suit under 42 U.S.C. § 1983) (citations omitted).

Similarly, the "Capital Police," ([DE-1-1] at 1), which the undersigned construes as the North Carolina State Capitol Police, is a division of the North Carolina Department of Public Safety, *see* N.C.G.S. § 143B-911(a), and as an agency of the state, it is also not a person under § 1983. *See Butler v. United States Dist. Ct. for E. Dist. of N. Carolina*, No. 5:22CT03097, 2022 WL 2813040, at *2 (E.D.N.C. July 18, 2022), *reconsideration denied*, No. 5:22CT03097, 2022 WL 3695480 (E.D.N.C. Aug. 25, 2022) ("[A]rms of the state, such as the Department of Public Safety, are not "persons" for the purposes of § 1983."); *Connor v. N. Carolina Dep't of Pub. Safety*, No. 1:18-CV-184-FDW, 2018 WL 5046084, at *2 (W.D.N.C. Oct. 16, 2018) ("Neither the NC DPS nor any of its facilities are "persons" under § 1983").

Plaintiff's § 1983 claims for damages against any of the other defendants in their official

capacities would likewise fail. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (finding that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Fauconier v. Clarke*, 966 F.3d 265, 279–80 (4th Cir. 2020) (noting that "neither States nor state officials acting in their official capacities constitute "persons" within the meaning of [42 U.S.C. § 1983] when sued for monetary relief.").

In addition, sovereign immunity under "[t]he Eleventh Amendment bars suits against a state or its agencies, unless the state has waived its immunity, or Congress has exercised its power under section 5 of the Fourteenth Amendment to override that immunity." *Leonard v. N. Carolina Dep't of Correction*, No. 5:10-CT-3082-FL, 2011 WL 2173635, at *2 (E.D.N.C. June 2, 2011). "Congress has made no move to impose § 1983 liabilities upon states, and North Carolina has done nothing to waive its immunity." *Bright v. McClure*, 865 F.2d 623, 626 (4th Cir. 1989). "The Eleventh Amendment [also] bars suit 'in law or in equity' against . . . a state official sued in his official capacity." *Aikens v. Ingram*, 71 F. Supp. 3d 562, 570 (E.D.N.C. 2014), *aff'd on other grounds*, 811 F.3d 643 (4th Cir. 2016), *as amended* (Feb. 1, 2016).

Accordingly, the undersigned RECOMMENDS that any claims against Governor Cooper's Business Office, the State Legislative Building, the North Carolina State Capitol Police Division and the remaining defendants in their official capacities be DISMISSED for failure to state a claim.

To the extent that plaintiff was attempting to sue defendants in their individual capacities, his claims would likewise fail for the reasons discussed below.

### 2. Eighth Amendment claim

The Eighth Amendment "protects inmates from inhumane treatment and conditions *while*

imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)) (emphasis added). Plaintiff does not allege that he is currently imprisoned, nor does he allege any inhumane treatment during the time he was incarcerated. Therefore, plaintiff has failed to state a claim under the Eighth Amendment for which relief may be granted, and the undersigned RECOMMENDS that any such claim be DISMISSED.

   3.   **Fourteenth Amendment claim**

       a.   **Pardon and meeting requests with Gov. Cooper**

Plaintiff's complaint could be liberally construed as alleging that Gov. Cooper's failure to issue him his pardon is a violation of his Due Process Rights. *See* [DE-1-1] at 3 (alleging that Gov. Cooper "fail[ed] to contact [plaintiff]" and "neglect[ed] to fulfill his . . . duties").

"[A]lthough some minimal due process protections apply to a state clemency proceeding, the decision to grant or deny clemency is left to the discretion of the governor . . . ." *Armando Soto v. North Carolina*, No. 5:17-CT-03187-D, 2018 WL 7958118, at *1 (E.D.N.C. Sept. 27, 2018) (alterations in original) (quoting *Roll v. Carnahan*, 225 F.3d 1016, 1018 (8th Cir. 2000)), *rep. and recomm. adopted*, No. 5:17-CT-3187-D, 2019 WL 1507405 (E.D.N.C. Apr. 5, 2019); *Bacon v. Lee*, 549 S.E.2d 840, 846–47 (N.C. 2001) ("The people of North Carolina have vested their Governor with virtually absolute clemency authority since the adoption of their first Constitution in 1776."). This court has previously noted that "only 'truly outrageous' clemency procedures rise to the level of a due process violation." *Armando Soto*, 2018 WL 7958118, at *1 (quoting *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 794 F.3d 1327, 1331 (11th Cir.), *cert. denied sub nom., Gissendaner v. Bryson*, 136 S. Ct. 25 (2015)). Here, plaintiff has failed to show that a failure by Gov. Cooper or his Business Office to respond to plaintiff's letters or meet with him amounts

9

to an extreme due process violation. Accordingly, the undersigned finds plaintiff's claims related to his clemency application to be frivolous, and the undersigned RECOMMENDS that any such claims be DISMISSED.

### b. Interactions with legislative building security personnel

Plaintiff's allegations that "security for the legistrative [sic] building . . . are defiant, oppositional, . . . give you the stare down and attempt to [provoke] you" similarly fails to rise to the level of a constitutional injury. *See* [DE-1-1] at 2. While an individual might perceive the alleged actions of the legislative building security as unpleasant, plaintiff does not allege how these actions deprived him of any right that is protected by the statutes and Constitution of the United States. Accordingly, the undersigned finds any claims associated with plaintiff's interactions with the security for the North Carolina legislative building to be frivolous, and the undersigned RECOMMENDS that any such claims be DISMISSED.

**C. Failure to state a claim under the Fourth Amendment – wrongful imprisonment**

The court construes plaintiff's references to being "wrongfully imprisoned" as representing an unconstitutional imprisonment claim. The Fourth Circuit has allowed §1983 claims for unconstitutional imprisonment. Generally, "§1983 damages claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.'" *Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

Plaintiff has not alleged that any of these circumstances apply to his situation. *See generally* [DE-1-1].

However, even if any of these circumstances did apply to plaintiff, he has not alleged that any of the defendants were responsible for any such wrongful imprisonment. Accordingly any such claim must fail, and the undersigned RECOMMENDS that any such claim be DISMISSED.

**D.      Deficient pleading**

Finally, the deficient pleading in the complaint [DE-1-1] subjects the complaint to dismissal for failure to state a claim upon which relief may be granted. While *pro se* litigants are entitled to leniency, such leniency is not without bounds. *See Holder v. U.S. Marshals Office*, No. 5:16-CV-00145-FL, 2016 WL 3919502, at *1 (E.D.N.C. 17 May 2016) ("[T]he principles requiring generous construction of *pro se* complaints are not without limits."), *rep. & recomm. adopted*, 2016 WL 3920213 (July 15, 2016).

With the exception of Gov. Cooper and possibly the North Carolina State Capitol Police, plaintiff does not appear to allege specific conduct by any other defendants named. Accordingly, plaintiff's complaint against such defendants fails to state a claim upon which relief can be granted because of these pleading deficiencies. *See Fetherson v. Blackmon*, No. CV 0:16-3189-JFA-PJG, 2017 WL 1365114, at *2 (D.S.C. Feb. 9, 2017) (recommending dismissing as frivolous claims against defendant that are "conclusory and lack supporting facts"), *rep. & recomm. adopted*, 2017 WL 1344616 (Apr. 12, 2017); *Padilla v. Priest*, No. 1:13-CV-287, 2013 WL 12156670, at *2 (E.D. Va. June 25, 2013) (dismissing case as frivolous where complaint was "devoid of any facts to support plaintiff's allegations" and "contains precisely the type of naked assertions of wrongdoing which are unsupported by any factual enhancement and therefore necessitates dismissal"), *aff'd*, 543 F. App'x 353 (4th Cir. 2013).

Accordingly, the undersigned RECOMMENDS that claims against Governor Cooper's

Business Office; the State Legislative Building; Paul Cobie; Cantrailia Preston; Bobby Carmody; and Ann Marie additionally be DISMISSED for failure to state a claim.

In sum, the undersigned concludes that plaintiff's complaint, in its entirety, is frivolous and fails to state a claim upon which relief may be granted, and RECOMMENDS that this case be DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## V. CONCLUSION

For the reasons set forth above, it is RECOMMENDED that plaintiff's complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel. Plaintiff shall have until **September 9, 2023** to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written**

**objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this the 21st day of August, 2024.

_____
Brian S. Meyers
United States Magistrate Judge