IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00463-BO-BM

| | |
|---|---|
| DERRICK ALLEN, <br> Plaintiff, <br><br> v. <br><br> ROY COOPER et al., <br> Defendants. | ORDER |

This cause comes before the Court on the memorandum and recommendation ("M&R") of Magistrate Judge Brian S. Meyers [DE 5]. For the reasons below, the M&R is adopted in full.

A district court is required to review *de novo* those portions of a memorandum and recommendation ("M&R") to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). To trigger such review, the objecting party "must object to the finding or recommendation with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

Here, the time for objections lapsed on September 9, 2024, and Plaintiff did not file an objection. As such, the Court need only review the M&R for clear error. Having reviewed both the initial complaint and the full memorandum and recommendation, the Court is satisfied that

there is no clear error on the face of the record. As such, the Court ADOPTS the M&R [DE 5] in full.

SO ORDERED, this 26 day of November 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE